United States District Court
Southern District of Texas
**ENTERED**
October 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATOSHA DIGGLES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-2471 |
| | § | |
| JUDGE BAYLOR WORTHAM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court are a motion to dismiss filed by Defendant Judge Baylor Wortham ("Judge Wortham") and a motion to recuse the undersigned judge filed by Plaintiff Latosha Diggles ("Diggles"). Diggles's motion to recuse the undersigned judge (Dkt. 7) is **DENIED**. Diggles's claims under federal law are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") for failure to state a claim on which relief may be granted. Diggles's claims under Texas state law are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c). Judge Wortham's motion to dismiss (Dkt. 10) is **DENIED AS MOOT**.

## FACTUAL AND PROCEDURAL BACKGROUND

Diggles, who is proceeding *pro se* and *in forma pauperis*, has brought claims under 42 U.S.C. § 1983 ("Section 1983") and Texas state negligence law against Judge Wortham and Defendant Jefferson County District Clerk's Office ("the Jefferson County District Clerk's Office"). (Dkt. 1; Dkt. 2; Dkt. 6). Most of the relevant facts are set out in the Court's memorandum opinion and order dismissing another lawsuit filed by Diggles against Judge

Wortham and nine other defendants. *See* Southern District of Texas case number 4:23-CV-78 at docket entry 88. In this opinion, the Court will briefly summarize those facts and supplement them to the extent necessary to discuss Diggles's specific claims in this case.

—*Diggles's state-court case and first civil rights case*

Diggles filed a first-party insurance lawsuit against Texas Farmers Insurance Company ("Farmers") in Texas state court in May of 2019. Diggles changed lawyers twice during her lawsuit against Farmers and ultimately ended up prosecuting her case *pro se*. Two of the law firms with which Diggles parted ways—Lindsay, Lindsay & Parsons ("LL&P") and the namesake firm of Eric Dick ("Dick")—intervened in Diggles's case against Farmers. LL&P sued Diggles for breach of contract and defamation per se, and Dick asserted a claim for attorney's fees. Ultimately, Diggles's state-court case became solely a dispute among Diggles and her former attorneys, as Farmers tendered funds into the state court's registry and was dismissed from the case. Unhappy with the way in which her state-court lawsuit was progressing, Diggles filed a civil rights lawsuit in this Court against Judge Wortham, who was presiding over the state-court lawsuit, and nine other defendants. The Court has dismissed that case, Southern District of Texas case number 4:23-CV-78, under Section 1915.

—*This lawsuit*

Diggles filed this lawsuit while her first civil rights suit was still pending. According to Diggles's pleadings in this case, Judge Wortham continues to preside over her state-court case, which remains ongoing. (Dkt. 2 at pp. 8–9). In her pleadings, Diggles challenges rulings that Judge Wortham has made on various motions in the state-court case, including

a motion to recuse, a motion to transfer venue, a motion to compel arbitration, and a "Motion To Request Time To Find Legal Representation[.]" (Dkt. 2 at pp. 8–9; Dkt. 6 at pp. 2–3). Diggles also alleges that Judge Wortham has harmed her and violated her Constitutional rights by "fail[ing] to send [her] order[s]" memorializing some of his rulings and by proceeding with a hearing "without all parties being present at [the] hearing including one of the Intervenors who is a very important factor to [the] lawsuit." (Dkt. 2 at pp. 8–9). Diggles has also sued the Jefferson County District Clerk's Office, alleging that its employees (whom Diggles does not name) "tampered with" the motion to recuse that she submitted to Judge Wortham and "unjustly returned [her] Motion To Request Time To Find Legal Representation through the Texas.Gov E-Filing System[.]" (Dkt. 2 at p. 10). Diggles seeks money damages and does not mention any other form of relief. (Dkt. 2 at p. 10).

Judge Wortham has filed a motion to dismiss under Federal Rule of Civil Procedure 12. (Dkt. 10). Diggles has not responded to Judge Wortham's motion, but she has filed a motion asking the undersigned judge to recuse himself. (Dkt. 7).

## LEGAL STANDARDS

—*Motions to recuse*

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. These provisions require recusal if a judge "has a personal bias" concerning a party, 28 U.S.C. §§ 144, 455(b)(1), if "his impartiality might reasonably be questioned," *id.* § 455(a), or if he has "personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1).

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The mere filing of a motion and affidavit under Section 144 does not mandate recusal:

> On its face [Section 144] appears to require automatic disqualification upon filing of a proper affidavit. It has not been read this way. Instead, courts have held that the judge has not only the right but the duty to examine the affidavit and certificate to determine whether they are timely and legally sufficient. The affidavit and certificate are strictly construed against the party seeking disqualification. Only if the documents meet this strict scrutiny does recusal become mandatory.

CHARLES A. WRIGHT ET AL., FED. PRAC. & PROC. § 3551 (3d ed.) (footnotes omitted). A motion to recuse must be strictly scrutinized for form, timeliness, and sufficiency to guard against the danger of frivolous attacks to the orderly process of justice. *See, e.g., United States v. Womak*, 454 F.2d 1337, 1341 (5th Cir. 1972); *Traveler's Ins. Co. v. Liljeberg Enter., Inc.*, 38 F.3d 1404, 1410–1411 (5th Cir. 1996). Determining the legal sufficiency of the affidavit is addressed to the sound discretion of the district court. *See United States v. Harrelson,* 754 F.2d 1153, 1165 (5th Cir. 1985).

Sections 144 and 455(b)(1) are governed by the same principles. *Liteky v. United States*, 510 U.S. 540, 548–51 (1994). When applying § 455(a), a court must determine "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995).

—*Section 1915*

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015).

When determining whether an *in forma pauperis* complaint states a claim on which relief may be granted, the district court must determine whether the complaint's allegations satisfy the federal pleading standard. *Newsome*, 301 F.3d at 231; *see also Callins v. Napolitano*, 425 Fed. App'x 366 (5th Cir. 2011). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not

bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards."). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The district court may take into account the complaint; any documents attached to the complaint; any documents attached to a motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *See Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

The Court concludes that Diggles's motion for recusal is meritless. The Court further concludes that Diggles's claims under federal law are subject to dismissal under Section 1915. The Court declines to exercise supplemental jurisdiction over Diggles's claims under Texas state law.

—*The motion to recuse*

The Court will deny Diggles's motion to recuse. To begin with, Diggles has not signed a certificate stating that her motion is made in good faith, which 28 U.S.C. § 144

requires. *See Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, 270 Fed. App'x 314, 316 (5th Cir. 2008) ("[Plaintiff] failed to accompany his motion asserting bias with a 'timely and sufficient affidavit' and a 'certificate of counsel of record stating that it is made in good faith,' even if signed by himself *pro se*, as required by § 144."). Moreover, Diggles's motion and supporting affidavit do not state facts sufficient to warrant disqualification of the undersigned judge.

### i. The legal sufficiency standard

The Fifth Circuit has set forth a clear test to determine legal sufficiency in this context. The facts in an affidavit are legally sufficient to warrant disqualification if they (1) are "material and stated with particularity"; (2) are "such that, if true they would convince a reasonable [person] that a bias exists"; and (3) "show the bias is personal, as opposed to judicial, in nature." *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (citation and quotations omitted). As the Supreme Court has emphasized, under 28 U.S.C. § 144, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Absent such an extrajudicial source, judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555; *see also Grinnell*, 384 U.S. at 583 ("Any adverse attitudes that Judge Wyzanski evinced toward the defendants were based on his study of the depositions and briefs which the parties had requested him to make. What he said reflected no more than his view that, if the facts were

as the Government alleged, stringent relief was called for."). Likewise, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Only where such remarks and rulings "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible" is recusal required. *Id.*

Furthermore, conclusory or speculative allegations of bias and partiality are not sufficient to require recusal. *Crawford v. United States Department of Homeland Security*, 245 Fed. App'x 369, 383 (5th Cir. 2007). Nor is the fact that the judge whose recusal is sought ruled against the movant in previous litigation. *Id.*; *see also Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 Fed. App'x 324, 328 (5th Cir. 2011) ("[R]ulings in previous cases will almost never form a sufficient basis for bias unless they show such substantial antagonism that a fair judgment is impossible.") (citations omitted).

    ii.    <u>Recusal is not warranted.</u>

Diggles's argument for recusal in this case stems entirely from actions that the Court allegedly took while presiding over Diggles's first federal civil rights case, which the Court dismissed under Section 1915 for failure to state a claim on which relief may be granted. *See* Southern District of Texas case number 4:23-CV-78 at docket entry 88. The argument fails. Diggles's motion and supporting affidavit do not allege facts that, taken as true, would be sufficient to warrant disqualification of the undersigned judge in this case. While voluminous, her allegations of bias and partiality—which, again, are rooted entirely in the Court's alleged conduct in a different case—are, at best, conclusory and speculative.[1]

---

[1] Further muddying the waters is the fact that Diggles's affidavit refers to numerous exhibits that are not attached to it.

For instance, Diggles asserts that the Court failed to "renew service" on one of the defendants in her first federal civil rights case after the U.S. Marshals Service ("USMS") had made three unsuccessful attempts to serve that defendant.[2] (Dkt. 7 at pp. 8–9, 19). However, Diggles does not provide any facts establishing anything other than an attempt by the USMS to effectuate service on a defendant who was trying to avoid it.[3] Similarly, Diggles accuses employees of the Southern District of Texas Clerk's Office of "intentionally" scanning her filings in her prior case in a "tacky and unprofessional" manner and removing pages from them. (Dkt. 7 at pp. 9–11). As proof, Diggles discusses a "Judicial Notice that [she] filed with [the] Court on March 24, 2023[,]" which she alleges was filed with "37 pages missing." (Dkt. 7 at p. 9). Diggles alleges that some, but not all, of the missing pages "were finally added back" to the filing later. (Dkt. 7 at pp. 10–11). As with the USMS's attempts at service, Diggles does not provide any facts showing that this incident, assuming that it happened, was anything more than an honest mistake. Regardless, Diggles provides no facts illustrating how the alleged actions of the USMS and the Southern District of Texas Clerk's Office evidence this Court's personal bias or partiality.

---

[2] Under Federal Rule of Civil Procedure 4(c)(3), a district court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" if the plaintiff is authorized to proceed *in forma pauperis*. Fed. R. Civ. P. 4(c)(3).

[3] For the sake of clarity in the record, the Court notes that it later entered an order authorizing the USMS to serve the defendant in question by email and that the defendant subsequently made an appearance in the lawsuit. *See* Southern District of Texas case number 4:23-CV-78 at docket entries 81 and 87.

Diggles also alleges that the Court "completely ignored all evidence that [she] included in [her] Judicial Notice that [she] filed with [the] Court" in her first federal civil rights case "on March 24, 2023." (Dkt. 7 at p. 9). Diggles does not allege that this "Judicial Notice" filing was attached to a motion, a response, or a pleading; and her affidavit does not explain exactly what relief she was seeking from the Court in the "Judicial Notice" filing. In any event, the Court's rulings in Diggles's first federal civil rights case, including its ultimate dismissal of that action, do not by themselves constitute evidence of bias. *Crawford*, 245 Fed. App'x at 383; *Parker*, 270 Fed. App'x at 316; *Ocean-Oil*, 451 Fed. App'x at 328.

"A judge is disqualified for bias or prejudice only where bias comes from an extrajudicial source and results in an opinion based on something besides what the judge learned in the case at hand." *Ocean-Oil*, 451 Fed. App'x at 328. Here, "there is no evidence beyond [Diggles's] pure speculation that the [Court] was prejudiced by [its] involvement in prior proceedings with [Diggles]." *Crawford*, 245 Fed. App'x at 383. Accordingly, the Court denies Diggles's motion to recuse and now turns to the merits of Diggles's claims.

—*Federal claims against Judge Wortham*

Judge Wortham is a Texas state-court judge, and Diggles's claims against him under federal law are barred by judicial immunity and sovereign immunity.

i.  <u>Judicial immunity</u>

Diggles's federal claims against Judge Wortham in his individual capacity are barred by judicial immunity. *See Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009). "Judges are afforded absolute immunity when they perform a normal judicial

function unless they are acting in the clear absence of all jurisdiction." *Duke v. Wallace*, No. 4:19-CV-3353, 2020 WL 1650768, at *1 (S.D. Tex. Mar. 26, 2020); *see also Stump v. Sparkman*, 435 U.S. 349, 355–56, 360 (1978). "This circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Davis*, 565 F.3d at 222. "These factors are broadly construed in favor of immunity." *Id.* at 223.

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly[.]").

Diggles has not overcome Judge Wortham's judicial immunity; her allegations against Judge Wortham involve normal judicial functions. In her pleadings, Diggles challenges rulings that Judge Wortham has made on various motions in her state-court case, including a motion to recuse, a motion to transfer venue, a motion to compel arbitration, and a "Motion To Request Time To Find Legal Representation[.]" (Dkt. 2 at pp. 8–9; Dkt. 6 at pp. 2–3). Diggles also alleges that Judge Wortham has harmed her and violated her Constitutional rights by "fail[ing] to send [her] order[s]" memorializing some of his rulings

and by proceeding with a hearing "without all parties being present at [the] hearing including one of the Intervenors who is a very important factor to [the] lawsuit." (Dkt. 2 at pp. 8–9). "Presiding over hearings, ruling on motions, and having discussions with counsel are all acts normally performed by a judge." *Brown v. Crow*, No. 3:21-CV-2998, 2022 WL 4485179, at *5 (N.D. Tex. Sept. 27, 2022). By all indications, Judge Wortham's complained-of actions took place in open court on the record, were related to Diggles's state-court case, and arose directly out of interactions with Judge Wortham in his official capacity.

Diggles pleads no facts showing that Judge Wortham performed any actions related to her or her state-court case that were outside the scope of his normal judicial functions. Accordingly, Judge Wortham is entitled to judicial immunity.

    ii.    <u>Sovereign immunity</u>

Diggles's federal claims against Judge Wortham in his official capacity are barred by sovereign immunity. "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis*, 565 F.3d at 228; *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Section 1983 does not abrogate the states' Eleventh Amendment immunity). Although sovereign immunity does not shield state officials from claims seeking prospective injunctive relief against ongoing violations of federal law, *see Ex parte Young*, 209 U.S. 123, 155–56 (1908), Diggles only seeks damages. (Dkt. 2 at p. 10). Furthermore, Diggles may not utilize the *Ex parte Young* exception anyway "because [she has] not adequately pleaded *any* breach of

federal law." *De Los Santos v. Bosworth*, No. 21-10323, 2022 WL 738673, at *2 (5th Cir. Mar. 11, 2022) (emphasis in *De Los Santos*).

—*Federal claims against the Jefferson County District Clerk's Office*

Diggles has also brought claims under federal law against the Jefferson County District Clerk's Office, alleging that some of its employees, who are not named, "tampered with" the motion to recuse that she submitted to Judge Wortham and "unjustly returned [her] Motion To Request Time To Find Legal Representation through the Texas.Gov E-Filing System[.]" (Dkt. 2 at p. 10). These claims fail because Diggles has not shown that the Jefferson County District Clerk's Office is a jural entity with the capacity to sue or be sued. Moreover, Diggles's federal claims against the Jefferson County District Clerk's Office are inadequately pled.

    i.    <u>Jural authority</u>

An entity's capacity to be sued is determined by the law of the state where the court is located. *Lancaster v. Harris County*, 821 Fed. App'x 267, 271 (5th Cir. 2020). Diggles has not pointed the Court to any Texas law permitting the Jefferson County District Clerk's Office to sue or be sued separately from Jefferson County, and her federal claims against the Jefferson County District Clerk's Office must accordingly be dismissed. *Id.* (affirming dismissal of claims against the Harris County District Clerk's Office on the basis that the plaintiff "directed [the Fifth Circuit] to no Texas law permitting Harris County entities . . . to sue or be sued separately from Harris County"); *see also Darby v. Pasadena Police Department*, 939 F.2d 311, 314 (5th Cir. 1991) ("Darby has failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation.

His suit, as it stands, seeks recovery from a legal entity that does not exist for his purposes.").

### ii. Municipal liability

Even if Diggles's federal claims against the Jefferson County District Clerk's Office are construed as claims against Jefferson County itself, they must be dismissed. Diggles has not pled facts establishing the elements of municipal liability.

"[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations[, though] a policy may also be evidenced by custom[.]" *Id.* at 579. "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger [municipal] liability." *Id.* at 578 (footnote omitted).

Diggles has not pled facts establishing any of the elements of municipal liability. She has not identified a policymaker; an official policy or custom; or a violation of constitutional rights whose moving force was the policy or custom. Accordingly, even if her federal claims against the Jefferson County District Clerk's Office are construed as claims against Jefferson County itself, those claims fail to state a claim on which relief may be granted.

—*Claims under Texas state law*

Diggles has also brought claims under Texas state negligence law. The Court declines to exercise supplemental jurisdiction over those claims and will dismiss them without prejudice under 28 U.S.C. § 1367(c). *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]").

## CONCLUSION

Plaintiff Latosha Diggles's claims under federal law are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. Plaintiff Latosha Diggles's claims under Texas state law are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c). Plaintiff Latosha Diggles's motion to recuse the undersigned judge (Dkt. 7) is **DENIED**. Defendant Judge Baylor Wortham's motion to dismiss (Dkt. 10) is **DENIED AS MOOT**.

SIGNED at Houston, Texas, on _____ October 26 _____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE